**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE JOHN L. KANE**

| | |
|---|---|
| Courtroom Deputy: Bernique Abiakam<br>Court Reporter: Tamara Hoffschildt<br>Probation Officer: Sergio Garza | Date:   December 30, 2011 |

Criminal Action No.: 11-cr-00242-JLK

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | James R. Allison |
| Plaintiff, | |
| v. | |
| LONG KHONG, | Michael S. Axt |
| Defendant. | |

**SENTENCING MINUTES**

**11:00 a.m.     Court in session.**

Court calls case.  Appearances of counsel.  Defendant present on bond.  Also present, Bob Banach, Secret Service Agent.

**Change of Plea Hearing: October 21, 2011.**

**Defendant plead guilty to Count One of the Indictment.**

Preliminary remarks by the Court.

**ORDERED:    Government's Motion To Dismiss Counts 2 Through 88 (Filed
                         12/30/11; Doc. No. 30) is GRANTED.**

**ORDERED:    Motion For Further Variance Or Non-Guideline Statutory Sentence
                         (Filed 12/16/11; Doc. No. 26) is DENIED in PART and GRANTED in
                         PART as specified.**

Parties received and reviewed the presentence report.

*11-cr-00242-JLK*
*Sentencing*
*December 30, 2011*

The Government, defense counsel, and defendant were given an opportunity to make statements before sentencing.

11:24 a.m.    Statement by Defendant's nephew, Alexander Tran.

11:27 a.m.    Statement by Defendant.

11:37 a.m.    Comments and rulings by the Court.

**THE DEFENDANT IS SENTENCED AS FOLLOWS:**

**IMPRISONMENT:**

Defendant is sentenced as to Count One to time served.

**SUPERVISED RELEASE:**
Upon release from imprisonment, defendant shall be placed on supervised release for a period of **5 years**.

**Conditions of supervised release:**
- (X)    Within 72 hours of this date, defendant shall report in person to the probation office.
- (X)    Defendant shall not commit another federal, state or local crime.
- (X)    Defendant shall not possess a firearm or destructive device.
- (X)    Defendant shall comply with the standard conditions adopted by the Court.
- (X)    Defendant shall not illegally possess controlled substances.
- (X)    Defendant shall cooperate in the collection of DNA as directed by the probation officer.

**Special conditions of supervised release:**

- (X)    Defendant shall participate in a program of mental health treatment as directed by the probation officer until such time as defendant is released from the program by the probation officer.  Defendant shall pay the cost of the treatment as directed by the probation officer.
- (X)    The Probation Officer is authorized to release to the treatment agency all psychological reports and/or presentence reports for continuity of treatment.
- (X)    Defendant shall participate in a program for gambler's addiction as directed by the probation officer.
- (X)    Defendant shall be placed on home detention for a period of 6 months, to commence immediately following sentencing.  During this time, defendant

*11-cr-00242-JLK*
*Sentencing*
*December 30, 2011*

        shall remain at his place of residence except for employment and medical and mental health treatment.
- (X) Defendant shall maintain a telephone at his place of residence without special services, modems, answering machines, or cordless telephones for the above period.
- (X) Defendant shall wear an electronic monitoring device and shall observe the rules specified by the probation department. Defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.
- (X) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless defendant is in compliance with the installment payment schedule.
- (X) As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
- (X) Within the next 60 days, the Defendant shall work with the probation officer in the development of a monthly budget.

**FINE:**
No fine is imposed because the defendant has no ability to pay a fine.

**RESTITUTION:**
Defendant shall pay restitution in the following amounts:

| Victim | Amount |
|---|---|
| Colorado Association of School Executives | $715,254.00 |
| Hartford Insurance Company | $100,000.00 |
| Total | $815,254.00 |

Restitution payments will be one seventh of any amounts received payable to Hartford Insurance Company, and six sevenths of any amounts received payable to Colorado Association of School Executives.

Restitution shall not be less than 25 percent of Defendant's gross income received during the period of supervised release.

Interest is waived.

**SPECIAL ASSESSMENT FEE:**

*11-cr-00242-JLK*
*Sentencing*
*December 30, 2011*

Defendant shall pay a Special Assessment Fee of $ 100.00, due immediately.

Defendant is advised of the right to appeal.

**ORDERED:**  Court finds the defendant is not likely to flee or pose a danger to the safety of any other person or the community.

**ORDERED:**  Defendant shall be immediately placed on home confinement.

**11:53 a.m.   Court in recess.**
Hearing concluded.
Total in-court time: 53 minutes.